JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Susan Doherty, on behalf of herself and all others similarly situated,

**DEFENDANTS**
The Hertz Corporation, American Traffic Solutions, Inc., and PlatePass, LLC

(b) County of Residence of First Listed Plaintiff: **Camden**
County of Residence of First Listed Defendant: **Bergen County**

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Sander D. Friedman, Esquire
Wesley G. Hanna, Esquire
Friedman Doherty, LLC
125 North Route 73, West Berlin, NJ 08091
856-988-7777

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Michael J. Vassalotti, Esq., Brown & Connery, L.L.P., 360 Haddon Ave., P.O. Box 539, Westmont, NJ 08108

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332(d)(2), 28 U.S.C. 1441(a), 28 U.S.C. 1453

Brief description of cause:
Class action consumer fraud, breach of contract, unjust enrichment, and other unlawful acts.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Over 5,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____   DOCKET NUMBER _____

Explanation:

DATE: 03/05/2010

SIGNATURE OF ATTORNEY OF RECORD: /s/ Sander D. Friedman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Susan Doherty, on behalf of herself, and all others similarly situated | Civil No. 1:10-cv-00359-NHL-KMW |
| *Plaintiff* | **CLASS ACTION** |
| v. | |
| The Hertz Corporation, American Traffic Solutions Inc., and PlatePass, LLC | JURY TRIAL DEMANDED |
| | **COMPLAINT** |
| *Defendants* | |

### FIRST AMENDED CLASS ACTION COMPLAINT

Susan Doherty (hereinafter referred to as "Plaintiff"), on behalf of herself, and all others similarly situated, by and through her attorney, brings this class action seeking damages, declaratory judgment, injunctive relief, disgorgement, statutory penalties, as well as attorneys' fees and costs against Defendants, The Hertz Corporation ("Hertz"), American Traffic Solutions Inc. ("ATS") and PlatePass LLC. ("PlatePass") (collectively "Defendants"), and upon information and belief, and in connection therewith, allege as follows:

### NATURE OF THE ACTION

1. The claims at issue arise out of the Defendants' administrative fees and up charges related to rental vehicles equipped with transponders or other type of identifying feature that allows for an automatic toll payment. These type of rentals exist in sixteen (16) states going back to as early at 2006.

2. Upon information and belief the Hertz Defendant contracts with the ATS and/or PlatePass Defendants to place the transponders in the rental vehicles.

3. ATS and/or PlatePass contracted with Plaintiff through the Hertz rental agreement to bill Plaintiff for the amount of the tolls that were charged to the car during the rental. Upon information and belief Defendants Hertz, ATS, and PlatePass enjoy an agency relationship rendering one vicarious liable for the unlawful conduct of the other and/or engaged in a civil conspiracy rendering all defendants joint and severable liable.

4. Upon information and belief Defendants ATS and/or PlatePass charged Plaintiff's account for more than the toll charged to the rental vehicle. Defendants ATS and/or

PlatePass also charged an administrative fee that was not contracted for, never disclosed, contradicts Defendants' notices, and upon information and belief exceeded the amount of the cost to ATS and/or PlatePass for any work performed related to collections or communications. Defendants practice of withdrawing administrative fees and up charges from Plaintiff and the Class Members' debit/credit accounts without authorization or notice is unlawful. These practices violate statutory consumer protection laws.

5. This action seeks to terminate all practices complained of herein and refund Plaintiff and the Class Members all charges they paid in connection with administrative fees and/or disgorge any unlawfully retained profits from the unlawful practices of up charging the tolls that were charged to the rented vehicle, imposing administrative fees when plaintiff and the Class Members' were not under contract to pay administrative fees, any interest thereon, plus consequential damages, punitive damages for Defendants' intentional torts, and the statutory penalty of treble damages for violation of the New Jersey Consumer Protection Act, together with all attorneys' fees and cost.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1332(d), as the matter was brought as a state class action and removed by the Defendants under CAFA. Defendants assert that the amount in controversy exceeds $5,000,000. Further, the requirement of minimal diversity is met as the dispute is between a citizen of New Jersey and at least one Defendant is from a different state. See 28 U.S.C.§ 1332(d)(2)(A).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because both Plaintiff and Defendant Hertz reside in New Jersey and the transaction giving rise to this action occurred in this New Jersey venue where Defendant conduct regular business.

## THE PARTIES

8. Plaintiff Susan Doherty is a New Jersey resident who resides in West Berlin, New Jersey.

9. Defendant The Hertz Corporation (hereinafter "Hertz") is a corporation located at 225 Brae Blvd, Park Ridge, New Jersey. Hertz maintains offices throughout New Jersey, the United States, and around the world.

10. Defendant American Traffic Solutions Inc. (hereinafter "ATS") is a corporation located at 7681 E. Grey Road, Scottsdale, Arizona. ATS is engaged in the business of placing and maintaining cameras in traffic environments that includes an electronic toll enforcement program throughout the country. In 2005, ATS introduced PlatePass as an automatic electronic toll payment service that enables Hertz and other rental car companies to use high-speed, cashless electronic toll lanes throughout the country.

11. Defendant PlatePass LLC (hereinafter "PlatePass") is a corporation subsidiary, d/b/a and/or registered trademark of ATS. PlatePass provides an electronic toll payment

        service that enables rental car customers to use the high-speed, cashless electronic toll lanes. In some instances the car does not need to be equipped with a transponder in order for PlatePass to provide this service.

12. Upon information and belief, Plate Pass is wholly owned by ATS.

## FACTUAL BACKGROUND

13. Plaintiff is a consumer who rented a vehicle from Defendant Hertz at its Voorhees, New Jersey location on September 23, 2009 after she was involved in a traffic accident and was left without a car.

14. Before Plaintiff was given the keys to the rented vehicle she was required to sign three non-negotiable documents drafted by Defendant Hertz: the "Term and Conditions", the "Rental Record" and documentation concerning the condition of the vehicle at the time it was rented.

15. The Terms and Conditions state:

> THESE TERMS AND CONDITIONS, THE RENTAL RECORD SIGNED BY YOU AND ANY OTHER DOCUMENTS YOU ARE REQUIRED TO SIGN CONSTITUTE THE AGREEMENT ("THIS AGREEMENT") FOR THE RENTAL OF THE VEHICLE . . .

16. Only documents signed by Ms. Doherty comprise the rental agreement.

17. The Terms and Conditions, as it relates to tolls, reads as follows:

> 13.a.  PAY YOUR TICKETS/TOLLS IMMEDIATELY: You will be responsible for and pay all parking or traffic violation fines and penalties, all towing, storage and impoundment fees and all tolls and tickets charged to the Car during the rental period. You authorize Hertz to release your rental and charge card information to its designated vendor "American Traffic Solutions" for the exclusive purpose of processing and billing for fines, penalties and fees. You also agree to indemnify Hertz or American Traffic Solutions if they pay same. You agree to pay, upon billing, an administrative fee related to the cost of collection or cost of providing information about You to a court or governmental agency for each unpaid parking, toll or other citation incurred during the term of this rental.

18. The Rental Record purports to set forth a detailed itemization of charges rates. Where a specific charge cannot be calculated, it provides an estimate based upon a set of prescribed assumptions. It has sections titled "Extra Charges, If Applicable", "Additional Charges", "Optional Services", and "Assessments/Fees/Taxes".

19. The only portion of the Rental Record that deals with toll collection states:

    ```
    You authorize us to release your rental and
    charge card information to our designated
    vendor, American Traffic Solutions for the
    exclusive purpose of processing and billing
    tolls, parking or traffic violations fines
    and and [sic] penalties and related
    administration fees incurred during the term
    of your rental.
    ```

20. The above quoted provisions of the Terms and Conditions and Rental Record are the only provisions signed by Ms. Doherty that expressly concern toll collection.

21. The above quoted provisions of the Terms and Conditions and Rental Record set forth the parties rights and responsibility in the event Ms. Doherty disregards a toll and leaves Hertz responsible for a citation.

22. None of the documents signed by Ms. Doherty reference automatic toll collections services or electronic toll collection devices.

23. None of the documents signed by Ms. Doherty expressly references "PlatePass"

24. The above quoted provisions of the Terms and Conditions and Rental Record do not specify that Ms. Doherty is obligated to pay an administrative fee for the use of toll collections services or electronic toll collection devices

25. The above quoted provisions of the Terms and Conditions and Rental Record specify that Ms. Doherty is only responsible to indemnify Defendants for tolls charged to the car.

26. The above quoted provisions of the Terms and Conditions and Rental Record limit any administrative fee to an amount calculated to offset collection cost or the cost of communicating with a government body. Where there is no collection effort or communication with a governmental entity, the contract does not provide Defendants with the right to impose an administrative fee.

27. The above quoted provisions of the Terms and Conditions and Rental Record provide that Mr. Doherty only becomes liable for administrative fees upon billing, obligating Defendants to provide Ms. Doherty with a bill and an opportunity to pay before attempting to collect the administrative fees.

28. Neither The Terms and Conditions nor the Rental Record disclose the existence or amount of a flat per day administrative fee.

29. Neither The Terms and Conditions nor the Rental Record disclose that administrative fees are imposed on days that no toll is charged to the rented vehicle.

30. Neither The Terms and Conditions nor the Rental Record contain a clause that permit Defendants to make a deduction from Ms. Doherty's debit account without specific authorization.

31. While both the Terms and Conditions and the Rental Record reference ATS, neither references PlatePass.

32. After using the vehicle for a short period of time, Plaintiff exchanged the vehicle for a larger one at the Hertz' Lumberton, New Jersey location on September 24, 2009.

33. On September 24, 2009, Plaintiff was told by a Hertz employee at the Lumberton, New Jersey location that the vehicle exchange would have no impact on the terms and conditions of the original rental agreement and that it would be treated as one continuous rental for the purpose of fees, billing and deposits.

34. Outwardly, it appeared as if Hertz treated the entire rental as one continuous rental by Plaintiff. They did not return Plaintiff's deposit nor did they require a second deposit upon vehicle exchange. Hertz did not require any payment for the first car upon vehicle exchange. Hertz only billed Plaintiff for the rented vehicles at the end of the entire rental period.

35. Plaintiff was presented with a new Rental Record documenting the exchange. The new Rental Record was never made part of the Rental Agreement because Plaintiff did not sign the new Rental Record. Consistent with Hertz' employees representations, the rental report provided :

> ORIGINAL CAR EXCHANGED. THE TERMS AND CONDITIONS OF THIS RENTAL AGREEMENT ARE SUPERCEDED BY THE TERMS AND CONDITIONS OF THE ORIGINAL RENTAL AGREEMENT. PLEASE REFER TO

```
YOUR COPY.
```

36. Plaintiff noticed a transponder device on the windshield which carried the following notice:

    ```
    •   Toll is charged to the credit card used
        for rental
    •   Download your receipt at
        www.platepass.com
    •   Non-credit card rentals receive invoice
        in mail
    ```

37. The above notice was not made part of the contract because Ms. Doherty was never required to sign it.

38. Whereas the Rental Agreement references ATS without mentioning PlatePass, the notice on the transponder references PlatePass without mentioning ATS.

39. The notice on the transponder specified a collection procedure for tolls.

40. The notice on the transponder made no mention of administrative fee.

41. By only mentioning the toll, the notice did not contradict the Terms and Conditions provision specifying that administrative fees would only be imposed to off set the cost of collecting a disregarded toll.

42. Likewise, the notice did not contradict the provisions indicating that Ms. Doherty would receive a bill for the administrative fees, that fees would only be imposed to offset costs associated with a disregarded toll, or that the fees would be related to either collections or the cost of transmitting information to a government body.

43. Considering that the notice on the transponder made no mention of administrative fees and that the rental agreement only referenced administrative fees in connection with the collection of unpaid tolls, it was objectively reasonable for Ms. Doherty to conclude that the electronic toll collection was provided free of charge for the parties' mutual convenience and that she could avoid administrative fees by using the service to avoid having unpaid tolls charged to car.

44. Ms. Doherty returned the car on October 6, 2009, for a total rental period of 13 days. During the rental period, Ms. Doherty used Platepass for automatic toll payment on 9 separate days. On 4 of the rental days Ms. Doherty did not utilize PlatePass.

45. Upon returning the vehicle Ms. Doherty received a statement of charges, showing how much she paid for the rental and a number of fees and surcharges. The statement made no mention of fees related to toll collection.

46. Ms. Doherty received a bill from PlatePass dated October 7, 2009 demanding payment of a $0.75 cash price toll and an additional $2.50 in administrative fees as the total amount due.

47. The invoice had a notice declaring an administrative fee policy that heretofore had never been disclosed to Ms. Doherty. Specifically, notice provided:

    ```
    You are being charged the cash price for
    tills, plus a daily service fee of $2.50 per
    rental day.  If you used the toll lanes at
    least once during your rental, you will be
    charged $2.50 for every day of your rental
    with a maximum charge of $10.00 per week.
    ```

48. The invoice failed to disclose that any additional money was owed or that PlatePass intended to withdraw money from Ms. Doherty's debit account.

49. Rather, the invoice indicated that the $3.25 demanded was the total amount owed.

50. On October 13, 2009, Defendants deducted $77.75 from Ms. Doherty's debit account without notice or authorization.

51. Ms. Doherty checked PlatePass' web site and reviewed the account summary and discovered she was charged $20.00 in administrative fees and $57.75 for toll usage at the cash price.

52. The same web site that Ms. Doherty reviewed her account summery on contains several notices making representations about the Defendants' administrative fees that contradict the policy notice on the invoice dated October 7, 2009. For example, under the heading "How it Works", Defendants web site specifies:

    ```
    Hertz offers this service for $2.50 per
    rental day, plus the posted cash toll rate,
    if PlatePass is used at any time during the
    rental period.  The maximum service fee
    (excluding tolls) is $10.00 per rental month.
    ```

53. Upon information and belief, Defendants' treated Ms. Doherty's rental as

        two separate transactions solely for the purpose of assessing administrative fees.

54. Upon information and belief, Defendants pay less than the cash price for tolls.

55. Defendant PlatePass billed Plaintiff an administrative fee for the use of the transponder that does not relate to any "cost of collection or cost of providing information about [Plaintiff] to a court or governmental agency for each unpaid parking, toll or other citation incurred during the term of this rental" as set forth in the Terms and Conditions.

56. Plaintiff was charged fees on her debit account by the Defendants in excess of the contract and in excess of the Defendants' own policies.

## CLASS ALLEGATIONS

57. This action is brought by Plaintiff as a class action pursuant to Fed. R. Civ. P. 23, and for all claims asserted herein, on behalf of themselves and the following Class ("National Class")

> ALL PERSONS WHO RENTED A VEHICLE FROM HERTZ AND WERE CHARGED TOLLS OR ADMINISTRATIVE FEES BY ATS AND/OR PLATEPASS FROM SEPTEMBER 23, 2003 AND THE DATE JUDGMENT ENTERS IN THIS CASE. EXCLUDED FROM THIS CASE ARE ANY DEFENDANTS, THEIR RESPECTIVE PARENTS, EMPLOYEES, SUBSIDIARIES AND AFFILIATES, THE JUDGE PRESIDING OVER THIS CASE AND ASSOCIATED COURT STAFF, AND ALL GOVERNMENT ENTITIES.

58. In addition, Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the following Class of New Jersey transactions ("New Jersey Class"):

> ALL PERSONS WHO RENTED A HERTZ VEHICLE IN NEW JERSEY AND WERE CHARGED TOLLS OR ADMINISTRATIVE FEES BY ATS AND/OR PLATEPASS FROM SEPTEMBER 23, 2003 AND THE DATE JUDGMENT ENTERS IN THIS CASE. EXCLUDED FROM THIS CASE ARE ANY DEFENDANTS, THEIR RESPECTIVE PARENTS, EMPLOYEES, SUBSIDIARIES AND AFFILIATES, THE JUDGE PRESIDING OVER THIS CASE AND ASSOCIATED COURT STAFF, AND ALL GOVERNMENT ENTITIES.

59. Either Class is believed to include tens of thousands of customers who were charged for the PlatePass system. In New Jersey alone, Defendants have charged approximately $1,200,000 in PlatePass administrative charges since July 2006. Presuming Ms. Doherty's represent the average charge. the New Jersey Class alone there would be 53,333 ($1,200,000 ÷ $22.50) Class Members.

60. The PlatePass System is also available to customers of Hertz in New York, Pennsylvania, Delaware, Massachusetts, Maine, Maryland, New Hampshire, Virginia, West Virginia, Indiana, Illinois, Texas, Florida, Colorado and California.

61. The individual state laws of contract, unjust enrichment and conversion in New Jersey, New York, Pennsylvania, Delaware, Massachusetts, Maine, Maryland, New Hampshire, Virginia, West Virginia, Indiana, Illinois, Texas, Florida, Colorado and California are substantially uniform.

62. The proposed National and New Jersey Classes are so numerous that the individual joinder of each class member would be impracticable. The exact number of members is unknown at this time but can be ascertained readily from the books and records of the Defendants. Plaintiff believes and therefore aver that the number of Class members in all proposed Classes number in excess of one hundred thousands (100,000) members. In many instances, such persons either are unaware that claims exist on their behalf or have sustained damages in amounts too small to justify expense and effort required to bring suit separately. These damages, addressed collectively though the class action mechanism, are substantial enough to justify legal action.

63. This matter presents common questions of law and fact arising out of the PlatePass charges. These common questions predominate over any individual questions applicable to members of the proposed Classes. Among the questions of law and fact common to the proposed National Class are:

    a. whether the Rental Agreement between Hertz and Plaintiff and the Class Members permits Defendants to charge administrative fees in connection with automatic toll collection services, whether those provisions are enforceable, and whether those provisions were breached;

    b. whether the Defendants were unjustly enriched by extra contractual/undisclosed charges in the form of administrative fees and up charges on tolls;

   c. whether Defendants unlawfully converted Plaintiff and the Class Members property by charging debit/credit accounts without notice or authorization;

And on behalf of the proposed New Jersey Class:

   a. whether the Plaintiff and the Class Members are entitled to damages, statutory treble damages and other relief for defendants' affirmative acts, knowing non disclosures, and unconscionable commercial conduct in violation of New Jersey's Consumer Fraud Act (N.J.S.A. 56:8-1 et. seq.)

64. Plaintiff's claims are typical of the proposed National and New Jersey Classes. The form rental agreements used in Plaintiff's transaction are uniform to Hertz renters throughout the nation. Plaintiff and all members of the National Class used PlatePass in conjunction with their rental. On behalf of the New Jersey Class, Plaintiff and Class Members of the New Jersey Class were subjected to the Defendants' unconscionable commercial practice and/or other practices that violate the New Jersey Consumer Fraud Act. The amount of money at issue is such that proceeding by way of class action is the only economical and sensible manner in which to vindicate the injuries sustained by the Plaintiff and the members of the Class.

65. There are not unusual legal or factual issues which would cause management problems not normally and routinely handled in class actions. Damages may be calculated with mathematical precision.

66. Plaintiff will fairly and adequately represent and protect the interest of the Class members. Plaintiff is an individual who rented a vehicle from the Defendants and has a vested interest in only paying the amounts contracted and receiving back the improper funds charged to her account. Plaintiff has retained qualified and experience counsel in class action litigation, and counsel has no adverse interest. Plaintiff understands the nature of the claims herein, have no disqualifying interest and will vigorously represent the Class. The interest of the Plaintiff is coincident to, and not antagonistic to, the interest of other class members.

67. The questions of law and fact common to members of the class predominant over any questions affecting individual class members. The prosecution of separate actions by individual members of the class would result in duplicitous litigation over the same issues and possibly create a risk of inconsistent or varying adjudications that could result in establishing inconsistent standards of conduct, policies and/or procedures

for the Defendants. The Defendants hold policies that affect all class members identically.

68. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual class members with respect to each alleged violation are relatively small (the administrative charges here are only $22.50), the expense and burdens of individual litigation make it difficult for members of the class to individually seek redress of the wrongs imposed upon them.

### COUNT I
### Breach of Contract
### (On Behalf of a National Class)

69. The above allegations are herein incorporated by reference.

70. Plaintiff and Defendants entered into a contract with terms that were drafted exclusively by Defendants.

71. The terms and condition of the contract established when the Defendants could charge an administrative fee, the basis upon which the administrative fees were to be calculated, procedures defendants were required to follow before attempting to collect administrative fees, and the extent of the Plaintiff and Class Members' liability for toll charges to the car.

72. The Defendant breached the contract when they charged an administrative fee to the Plaintiff and Class Members despite there use of an automatic toll service, charged an administrative fee on days when the automatic toll services were not used, charged more for a toll than that charged to the car, charged an administrative fee not related to the cost of collection or the cost of communicating with a governmental entity, charged an administrative fee exceeding defendants after-the-fact notices, and withdrew funds from the Plaintiff and Class Members' debit/credit accounts without billing.

73. Plaintiff and the Class Members were damaged as a result of Defendants breach of contract.

Wherefore, Plaintiff, Susan Doherty and the putative class, requests judgment against Defendants Hertz, ATS and PlatePass as follows:

    a. Awarding actual and consequential damages;
    b. Declaring any obligation to pay unpaid administrative fees and over charges void under the Declaratory Judgment Act, 28 U.S.C.

       § 2201, *et seq.*
- c. Enjoining Defendants from charging credit cards and/or debit accounts without notice or specific authorization.
- d. Awarding other such relief that the Court deems fair and necessary.

**COUNT II**
**Unjust Enrichment**
**(On Behalf of a National Class)**

74. The above allegations are herein incorporated by reference.

75. The contract between Defendants and Plaintiff and Class Members does not provide Defendants with the right to impose administrative fees in connection with automatic toll collection services.

76. The contract between Defendants and Plaintiff and Class Members does not provide Defendants with the right to impose administrative fees unless collection or certain communication costs were incurred.

77. The contract between Plaintiff and Class Members and Defendants only permits Defendants to charge an administrative fee calculated to off set collection and certain communication expenses.

78. The provisions concerning administrative fees are unenforceable for lack of mutual assent.

79. The contract between Defendants and Plaintiff and Class Members is void for unconscienability.

80. The contract between Defendants and Plaintiff and Class Members only requires Plaintiff and Class Members to pay the actual cost of the tolls charged to the car with the benefit of any discount on tolls enjoyed by the Defendants.

81. The Defendants have been unjustly enriched at the expense of the Plaintiff and Class Members as a result of their extra contractual administrative fees and up-charged tolls.

    Wherefore, Plaintiff, Susan Doherty and the putative class, requests judgment against Defendants Hertz, ATS and PlatePass as follows:

- a. Disgorgement of the money improperly collected;
- b. Refunding the disgorged proceed to Plaintiff and Class Members; and
- c. Awarding other such relief that the Court deems fair and necessary.

## COUNT III
### Conversion
### (On Behalf of a National Class)

82. The above allegations are herein incorporated by reference.

83. Plaintiff and Class Members have a property interest in their debit accounts and/or credit account. They also posses a property interest in their level of available credit.

84. Defendants intentionally deprived Plaintiff and Class Members to their rights to the above property by taking control of it or otherwise exercising dominion and control over it.

85. Specifically defendants deprived Plaintiff and Class members of their property by charging their debit and credit accounts without notice or authorization.

86. As a result of Defendants conversion Plaintiff and the Class Members were damaged.

Wherefore, Plaintiff, Susan Doherty and the putative class, requests judgment against Defendants Hertz, ATS and PlatePass as follows:

    a.    Awarding actual, consequential and punitive damages;
    b.    Enjoining Defendants from charging credit cards and/or debit accounts without notice or specific authorization; and
    c.    Awarding other such relief that the Court deems fair and necessary.

## COUNT IV
### Consumer Fraud (*N.J.S.A. 56:8-1 et. seq.*)
### (On Behalf of the New Jersey Class)

87. The above allegations are herein incorporated by reference.

88. Plaintiff and New Jersey Class Members are "consumers" within the meaning of N.J.S.A. § 56:8-1 *et. seq.*.

89. Defendants are "merchants" within the meaning of N.J.S.A. § 56:8-1 *et. seq.*.

90. Car rentals and the usage of an electronic toll system in the rented car is "sale" within the meaning of N.J.S.A. § 56:8-1 *et. seq.*.

91. The Hertz' rental agreement that Ms. Doherty executed on September 23,

        2009 at the Hertz Voohees, New Jersey location contains identical terms as all the contracts entered into with the New Jersey Class Members.

92. The Hertz' rental agreement that Ms. Doherty executed on September 23, 2009 at the Hertz Voohees, New Jersey location fails to disclose that an administrative fee is charged for use of the Platepass automatic toll collection service.

93. The Hertz' rental agreement that Ms. Doherty executed on September 23, 2009 at the Hertz Voohees, New Jersey location fails to disclose PlatePass' administrative fee policy, including the flat rate and their policy of charging an administrative fee on days the Platepass service is not used.

94. The Hertz' rental agreement that Ms. Doherty executed on September 23, 2009 at the Hertz Voohees, New Jersey Location fails to disclose that plaintiffs are billed the cash rate of a toll, not the actual amount of the toll billed to the car.

95. The Hertz' rental agreement that Ms. Doherty executed on September 23, 2009 at the Hertz Voohees, New Jersey location misrepresents that administrative fees would only be related to the cost of collecting an unpaid toll or the cost of transmitting information to a government entity.

96. The Hertz' rental agreement that Ms. Doherty executed on September 23, 2009 at the Hertz Voohees, New Jersey location misrepresents that Ms. Doherty would be given the opportunity to pay the administrative fees upon billing.

97. The misrepresentations and nondisclosures made by Hertz in the rental agreement Ms. Doherty executed on September 23, 2009 at Hertz' Voorhees, New Jersey location were knowing and/or intentional.

98. On Sepember 24, 2009 at the Hertz Lumberton, New Jersey location Hertz' employee and the unsigned Rental Record documenting the vehicle exchange misrepresent that Ms. Doherty's rental would be treated as a single transaction and/or failed to disclose that Plate Pass would treat Ms. Doherty's rental as two separate transactions.

99. Hertz, ATS, and/or Platepass' notice on the transponder located on the windshield of the vehicle Ms. Doherty rented contains a notice identical to all other vehicles Hertz rents in New Jersey equipt with a PlatePass transponder.

100. The notice on the transponder fails to disclose the existence of any administrative fee associated with its use.

101. The notice on the transponder fails to disclose the amount of the fee for its use.

102. The notice on the transponder fails to disclose that administrative fees are charged even on days the service or the transponder is not used.

103. The misrepresentations and nondisclosures made by Hertz, ATS, and/or Platepass in the notice on the transponder were knowing and/or intentional.

104. The invoice sent to Ms. Doherty from PlatePass on or around October 7, 2009 misrepresents that $3.25 is the total amount PlatePass was claiming to be owed.

105. The invoice sent to Ms. Doherty from PlatePass on or around October 7, 2009 misrepresents that the maximum administrative fee charged is $10.00 per week.

106. The invoice sent to Ms. Doherty from PlatePass on or around October 7, 2009 fails to disclose Platepass' intention to withdraw an additional $77.75 from Ms. Doherty's debit account, including $20.00 in administrative fees.

107. Both the invoice sent to Ms. Doherty from PlatePass on or around October 7, 2009 and the account summary available on PlatePass' website misrepresents Plaintiffs' obligation to indemnify Hertz as an obligation to pay the cash price of the toll.

108. Both the invoice sent to Ms. Doherty from PlatePass on or around October 7, 2009 and the account summary available on PlatePass' website fail to disclose discounts PlatePass, ATS, and/or Hertz receives on tolls.

109. The account summary available on PlatePass' website misrepresents $77.75 as the total amount PlatePass was claiming to be owed.

110. The account summary available on PlatePass' website fails to disclose that Ms. Doherty is also being billed for an additional $3.25, including $2.50 in administrative fees.

111. Platepass' website misrepresents that the maximum administrative fee is $10.00 per month.

112. The misrepresentations and non disclosures PlatePass made on its invoice dated October 7, 2009, Platepass' website, and the account summary available on PlatePass' website were knowing and/or intentional.

113. Defendants misrepresentations and non disclosures were an unconscionable commercial practice.

114. It was an unconscionable commercial practice for Hertz to refer to ATS and not PlatePass or specifically reference electronic toll collection in the Rental Agreement when that agreement is PlatePass' pretext for charging administrative fees and the notice on the PlatePass' transponder makes no reference to either ATS or administrative fees.

115. It was unconscionable for Defendants to spread its disclosures over so many documents and notices that it was difficult or impossible for the ordinary customer to appreciate a connection between the administrative fees referenced in the Rental Agreement to the use of the PlatePass transponder.

116. It was unconscionable for Hertz' to represent that Hertz would treat a rental involving multiple cars as a single rental and then follow through with that promise at the time of the exchange only for PlatePass to treat the transaction as two separate rentals.

117. It was unconscionable and misleading for Platepass to send Plaintiff a bill representing that a given amount was the total demanded while intending to make a charge for more fees later.

118. It was unconscionable for PlatePass to bill Ms. Doherty twice in order to bill her more in administrative fees than permitted by either of its contradictory untimely disclosed policies.

Wherefore, Plaintiff, Susan Doherty and the New Jersey putative class, requests judgment against Defendants Hertz, ATS and PlatePass as follows:

  a. Awarding actual, consequential and treble damages;
  b. Declaring any obligation to pay unpaid administrative fees and over charges void under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.
  c. Enjoining Defendants from charging credit cards and/or debit accounts without notice or specific authorization.
  d. Awarding Attorneys fees and cost other such relief that the Court deems fair and necessary

## COUNT IV
### Civil Conspiracy

119. Hertz, ATS, and PlatePass entered into a conspiracy to charge Hertz

        rental customers administrative fees for automatic toll collection services without providing those customers with sufficient information about the fees to understand when they applied, how they would be calculated, or how they would be collected.

120. All parties understood the general objectives of the scheme, accepted them, and agreed to do their part to further them.

121. Hertz, ATS, and PlatePass acted in concert and agreed upon the misleading terms and unlawful practices

122. Hertz, ATS, and PlatePass mutually agreed to infact harm upon Plaintiffs and the Class Members as described above.

123. Defendants' engaged in the overt acts described above in furtherance of their scheme.

Wherefore, Plaintiff, Susan Doherty and the putative class, requests judgment against Defendants Hertz, ATS and PlatePass as follows:

    a. Awarding actual, consequential, punitive and treble, jointly and severally as to all Defendants.

### Jury Trial Demand

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all issues so triable.

                                    FRIEDMAN DOHERTY, LLC
                                    */s/ Sander Friedman*
                                    */s/ Wesley G. Hanna*

Dated March 5, 2010              FRIEDMAN DOHERTY, LLC.
                                    SANDER D. FRIEDMAN
                                    WESLEY G. HANNA
                                    125 North Route 73
                                    West Berlin, New Jersey 08091
                                    Tel (856) 988-7777
                                    Fax (856) 988-7744
                                    E-Mail: sdf@friedmandoherty.com
                                    E-Mail: wgh@friedmandoherty.com