UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

SUSAN DOHERTY and DWIGHT
SIMONSON, individually and on
behalf of all others
similarly situated,

           Plaintiff,

    v.

THE HERTZ CORPORATION, et
al.,

           Defendants.

Civil No. 10-359 (NLH/KMW)

**MEMORANDUM OPINION AND ORDER**

---

**HILLMAN, District Judge**

    This matter having come before the Court by way of an unopposed motion for Final Approval of a proposed Class Action Settlement filed by Plaintiffs Susan Doherty and Dwight Simonson (together "Plaintiffs") and by way an unopposed motion [Doc. No. 106] for attorney's fees, cost reimbursement, and Class Representative service awards; and

    The Court noting that Plaintiffs filed a consolidated amended class action complaint [Doc. No. 43] (hereinafter, "the amended complaint") in this consolidated action[1] on July 27, 2011

---

[1]    By Order of Consolidation dated July 14, 2011, the Court consolidated civil actions 1:10-cv-00359-NLH-KMW, <u>Susan Doherty v. The Hertz Corporation, et al.</u>, and 1:10-cv-01585-NLH-KMW, <u>Dwight Simonson v. The Hertz Corporation , et al.</u>, for all purposes, including trial. (Order of Consolidation [Doc. No.

asserting claims against Defendant The Hertz Corporation
(hereinafter, "Hertz"), Defendant American Traffic Solutions,
Inc. (hereinafter, "ATS"), and Defendant PlatePass, L.L.C.,
(hereinafter, "PlatePass") (collectively, "Defendants") for: (1)
breach of contract in Count I; (2) violations of the New Jersey
Consumer Fraud Act in Count II; (3) injunctive relief in Count
III; (4) unjust enrichment in Count IV; (5) conversion in Count
V; and (6) civil conspiracy in Count VI; and

   Plaintiffs' amended complaint alleging generally that
Plaintiffs and the Class Members rented cars from Hertz that
were pre-enabled with the "PlatePass®" electronic toll payment
system, the implementation of which systematically charged Class
Members unwarranted PlatePass related charges, including, but
not limited to administrative fees and overcharges; and

   Plaintiffs' amended complaint further alleging that these
PlatePass related charges resulted in Defendants breaching the
Hertz rental car agreements with Plaintiffs and Class Members
who rented cars from Hertz in the United States, violating the
New Jersey Consumer Fraud Act, wrongly converting Class Members'
monies, being unjustly enriched, and committing a civil
conspiracy; and

---
40] 1, July 14, 2011.)

Defendants having answered [Doc. Nos. 46, 47] Plaintiffs'
amended complaint on August 26, 2011 and having denied any
liability relating to the PlatePass electronic toll payment
system and the allegedly unwarranted fees and overcharges; and

Plaintiffs and Defendants having litigated this matter over
the course of several years, including the filing of a motion to
dismiss [Doc. No. 17] by Defendants in April of 2010 and a
motion for summary judgment [Doc. Nos. 74] by ATS and PlatePass
in October of 2012; and

The Court noting that while the motion for summary judgment
was pending, the Court received a letter dated April 1, 2013
from John F. Ward, Jr., Esquire, counsel for Defendants, writing
on behalf of all parties advising that the parties had reached
an agreement in principle to settle this class action litigation
and further advising that Plaintiffs would file a motion for
preliminary approval of the settlement agreement by April 30,
2013;[2] and

The Court noting that Plaintiffs' motion [Doc. No. 98] for

---

[2]     Based upon the representations in the April 1, 2013 letter,
the Court entered an Order on April 22, 2013, denying the
pending motion for summary judgment without prejudice to the
right to reinstate the motion if settlement was not consummated.
(Order [Doc. No. 92] 1-2, Apr. 22, 2013.)

preliminary approval of the proposed class action settlement was ultimately filed on May 30, 2013; and

The Court having preliminarily approved the settlement by Order [Doc. No. 100] dated July 1, 2013; and

The Court having found in the Preliminary Approval Order that, *inter alia*:

- The Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1332;
- The Settlement Agreement [Doc. No. 98-4] was sufficiently fair, reasonable and adequate to allow dissemination of notice of the proposed class settlement to Class Members and to hold a Final Approval Hearing;
- The Settlement Agreement was entered into at arm's length by experienced counsel after extensive discovery and after mediation sessions and negotiations occurring over several months;
- The Class[3] presented for conditional certification satisfied the prerequisites set forth in Federal Rule of Civil Procedure 23(a) for numerosity, commonality, typicality, and adequacy of representation;
- The Class also satisfied the predominance and superiority requirements of Federal Rule of Civil Procedure 23(b)(3);
- The Settlement Agreement was sufficiently fair, reasonable and adequate, warranting a Final Approval Hearing and

---

[3]    The Court conditionally certified the following Class for purposes of settlement: "[A]ll natural persons in the United States who: (a) rented a car from Hertz with the first day of the rental between July 1, 2006 and March 31, 2010; (b) used PlatePass during that rental; and (c) paid PlatePass-related charges incurred during the rental, but not including those who file a Request for Exclusion, governmental entities, Defendants, their parents, subsidiaries, affiliates, directors, officers, attorneys, and members of their immediate families and the Court and person within the third degree of relationship to the Court." (Preliminary Approval Order [Doc. No. 100] ¶ 1.)

issuance of notice to the Class as set forth in the Settlement Agreement;

- Plaintiffs Susan Doherty and Dwight Simonson would be appointed as representatives for the Class;

- Chistopher M. Placitella, Esquire and Michael Coren, Esquire of Cohen, Placitella & Roth, P.C., along with Steven R. Jaffe, Esquire and Mark Fistos, Esquire and the law firm of Famer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L., Stephen A. Dunn, Esquire and the law firm of Emanuel & Dunn, PLLC (collectively, "Plaintiffs' counsel") would fairly and adequately represent the interests of Plaintiffs and the Class;

- Plaintiffs' counsel would be appointed as Class Counsel to represent the Class pursuant to Federal Rule of Civil Procedure 23(g);

- Jeff Dahl of Dahl Administration in Minneapolis, Minnesota would be appointed as Settlement Administrator to carry out the settlement administration responsibilities under the Settlement Agreement including, but not limited to, implementing, performing, and overseeing notice of the Settlement Agreement to Class Members and processing and paying claims;

- The form, content, and methods of dissemination of the proposed Notice, Summary Notice, Press Release and Publication Notice were the best practicable and were reasonably calculated to apprise the Class of the action and their right to object or exclude themselves from the Settlement, and met all requirements of Rule 23 and due process;

- The Notice, Publication Notice, Press Release and Summary Notice were approved for dissemination; and

The Court, in the Preliminary Approval Order, having

scheduled a Final Approval Hearing in this matter for October

15, 2013; and

Plaintiffs' having filed their unopposed motion [Doc. No.

117]⁴ for final approval of this class action settlement on October 15, 2013; and

The Court having held the Final Approval Hearing on that date; and

The Court noting that Federal Rule of Civil Procedure 23 governs the certification of class actions.  A party seeking class certification bears the burden of proving that each of the requirements under Rule 23 has been met.  See, e.g., Baby Neal v. Casey, 43 F.3d 48, 55 (3d Cir. 1994); and

Rule 23(a) providing that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a); and

These four prerequisites for class certification generally

---

⁴   Initially, Plaintiffs only filed a brief in support of their motion for final approval and did not file a formal notice of motion.  At the Final Approval Hearing on December 15, 2013, Plaintiffs formally moved for final approval and the motion was docketed as such by the Clerk of Court.

being referred to as numerosity, commonality, typicality, and adequacy; and

Rule 23(b) further providing, in pertinent part, that "[a] class action may be maintained if Rule 23(a) is satisfied and if: ... (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); and

Rule 23(e) setting forth that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise: (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal[;] (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate[;] (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal[;] (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to

request exclusion to individual class members who had an earlier
opportunity to request exclusion but did not do so[;] [and] (5)
Any class member may object to the proposal if it requires court
approval under this subdivision (e); the objection may be
withdrawn only with the court's approval." FED. R. CIV. P. 23(e);
and

The Court noting that in order to certify a class for
purposes of settlement and to have the settlement approved, the
law requires that Plaintiffs must meet their burden under Rules
23(a) and (b) for class certification, and settlement approval
under Rule 23(e); and

The Court observing that class actions certified for the
purposes of settlement are well recognized under Rule 23. See In
re Prudential Ins. Co. of Am. Sales Practices Litig., 962 F.
Supp. 450, 508 (D.N.J. 1997) (explaining that Rule 23 allows a
court to certify class for settlement purposes only) (citing In
re General Motors Corp. Pick-Up Truck Fuel Tank, 55 F.3d 768,
778 (3d Cir. 1995). "A settlement class is 'a device whereby
the court postpones the formal certification procedure until the
parties have successfully negotiated a settlement, thus allowing
a defendant to explore settlement without conceding any of its
arguments against certification.'" In re Prudential, 962 F.

Supp. at 508 (citing <u>In re General Motors</u>, 55 F.3d at 778); and

The Court having found on the record at the Final Approval Hearing that the first prerequisite under Rule 23(a) – numerosity – was easily satisfied in this case given that there were approximately 1.6 to 1.8 million Hertz renters who encountered PlatePass charges during the class period, and that notice was mailed to over 1.6 million of those potential class members, (Final Approval Hearing Tr. [Doc. No. 122] 54:19-24); and

The Court having similarly found on the record that the second prerequisite under Rule 23(a) – commonality – was also satisfied in this case because (1) there are common factual issues that the Representative Plaintiffs share with Class Members including that they rented cars from Hertz during the class period, paid PlatePass related charges, that those charges were at least allegedly not properly disclosed or contractually permissible, and that the renters never received a refund; and (2) there are common legal issues that applied to virtually all of the Class Members and to the Representative Plaintiffs including, whether Hertz's rental contract permitted the means and manner for Defendants' implementation of the PlatePass program, and to the extent that the rental contract did not,

9

whether Defendants breach the contract or violated the New
Jersey Consumer Fraud Act or converted Class Members' monies or
were unjustly enriched, (Id. at 55:4-21); and

The Court having further concluded on the record that the
third prerequisite of Rule 23(a) – typicality – was also
satisfied in this case given that the claims of Class Members
and Plaintiffs arose out of a common course of conduct and a
core set of facts surrounding the rental of a car from Hertz,
the use of a form Hertz rental contract, which resulted in
charges for the payment of administrative fees and toll
differentials, all allegedly in violation of the rental contract
or state law.  The Court finding that subtle or minor factual
differences regarding the number of times the rentals occurred,
the differences in administrative fees over time, and the
differences in toll differentials were insufficient to detract
from the overall typicality of the claims of the Representative
Plaintiffs as compared to the Class as a whole, (Id. at 56:2-
57:7); and

The Court further finding that the fourth, and final
prerequisite of Rule 23(a) – adequacy – was also satisfied in
this case given that the record reflects that the named
Plaintiffs, Mr. Simonson and Ms. Doherty, had the ability and

10

the incentive to represent the claims of the Class vigorously, and did so adequately and appropriately through their personal involvement in the case and the burdens of litigation which they endured.  The Court also finding that the named Plaintiffs actively participated in the litigation by retaining adequate counsel and monitoring and assisting in the course of the litigation through discovery, the production of documents, and by participating in depositions.  The Court similarly finding that Class Counsel in this matter was experienced, qualified, and well able to conduct the litigation as amply demonstrated by their own history of litigation complex class litigation in state and federal court and their success in defeating motions to dismiss. (Id. at 64:3-6, 65:7-66-7); and

The Court having further concluded on the record that in accordance with Rule 23(b)(3) common questions of law or fact predominate over any individuals claims that may turn on issues of state law based because of the use of the form Hertz rental contract with its standardized terms which governed Class Members' rentals with Hertz, and in light of the allegations that these terms did not constitute an agreement to pay PlatePass related charges, which demonstrates a predominant liability question at the core of every Class Member's claim

11

(i.e., whether the contract authorized charges and the collection of the administrative fees through the use of PlatePass?) (Id. 68:2-13); and

The Court similarly finding, as required by Rule 23(b)(3), that resolution of this matter as a class action is superior to other alternatives that exist in our legal system given: (1) the small amount of the claims (approximately $9-$10 per Class Member), (2) the relatively small likelihood that individual consumers would have their day in court and be heard on such small claims, (3) that the settlement obviates the need for multiple courts to separately construe and interpret the same rental provisions in the form Hertz rental contract, (Id. at 69:9-16; see also id. at 68:23-69:8); and

The Court also finding, after evaluation of the factors set forth in Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975)[5] and

---

[5]    The Court must assess the following nine, non-exhaustive factors, to determine whether a proposed settlement is fair reasonable, and adequate in accordance with Rule 23(e):

        (1) the complexity and duration of the litigation;
        (2) the reaction of the class to the settlement;
        (3) the stage of the proceedings; (4) the risks of
        establishing liability; (5) the risks of
        establishing damages; (6) the risks of maintaining
        a class action; (7) the ability of the defendants
        to withstand a greater judgment; (8) the range of
        reasonableness of the settlement in light of the
        best recovery; and (9) the range of reasonableness

various _Prudential_ factors,[6] that the proposed settlement here is fair, reasonable and adequate and Court approval of the same is warranted under Rule 23(e) in light of the following:

- this case first began in approximately 2010;
- there was extensive discovery with over 40,000 pages of documents and a large amount of electronic discovery being exchanged, including an entire transactional database provided by Defendants which was evaluated by Plaintiffs' counsel to determine treatment of and damages for individual members of the Class;
- the parties took depositions of multiple witnesses

---

   of the settlement in light of all the attendant
   risks of litigation.

_Girsh_, 521 F.2d at 157.

[6]   The _Prudential_ factors the Court may consider are:

   the maturity of the underlying substantive issues,
   as measured by experience in adjudicating
   individual actions, the development of scientific
   knowledge, the extent of discovery on the merits,
   and other factors that bear on the ability to
   assess the probable outcome of a trial on the
   merits of liability and individual damages; the
   existence and probable outcome of claims by other
   classes and subclasses; the comparison between the
   results achieved by the settlement for individual
   class or subclass members and the results
   achieved—or likely to be achieved—for other
   claimants; whether class or subclass members are
   accorded the right to opt out of the settlement;
   whether any provisions for attorneys' fees are
   reasonable; and whether the procedure for
   processing individual claims under the settlement
   is fair and reasonable.

_In re Prudential Ins. Co. of Am. Sales Practices Litig. Agent Actions_, 148 F.3d 283, 323 (3d Cir. 1998).

throughout the country including those responsible for implementing the PlatePass program and Plaintiffs;

- the substantial discovery by the parties allowed for negotiation of the settlement with all counsel being aware of the strengths and weaknesses of their respective positions based on disclosure of the facts and a careful analysis of those facts with respect to their claims and defenses;

- the complexity and likely duration of the litigation weighed in favor of approval given that this case was extensively litigated since its inception, including a motion to dismiss, a motion for summary judgment, and there have been expressions from Defendants that they intended to oppose Class Certification and to appeal unfavorable rulings which would have resulted in this case lasting several more years.  Settlement conserves both judicial resources and large quantities of time and money the parties would have otherwise had to expend if the case continued on;

- the overwhelmingly positive reaction of the Class similarly weighed in favor of approval of the settlement given that only 51 of the potential 1.6 million Class Members opted out of the proposed settlement and that there were only two objections [Doc. Nos. 101, 113] made to this proposed settlement, one of which [Doc. No. 101] was ultimately withdrawn (see Notice of Withdrawal of All Objections [Doc. No. 118]), and the second of which [Doc. No. 113] the Court found to be factually and legally insufficient;[7]

- the stage of the proceedings further weighed in favor of approving this settlement as set forth above given that the case was vigorously litigated and contested at all stages of the litigation throughout discovery and dispositive motion practice prior to the parties reaching a settlement – a settlement which was reached after multiple attempts at mediation and negation of the same

- the risks of establishing liability, establishing damages, and maintaining this case a class action[8] also weighed in

_____

[7]   (See Tr. at 49:20-22).

[8]   The relevant risks the Court considered in making this determination relate to the fact that this case involves nearly 2 million individuals, multiple transactions across a wide range

favor of approving the settlement because of the
significant possibility that the ultimate recovery could
potentially be substantially less than what Class Counsel
and Plaintiffs were able to negotiate from Defendants
through this settlement;

- the settlement also clearly fell within a reasonable range
  in light of the best possible recovery and the attendant
  risks of litigation particularly in comparison to other
  class actions considered by this Court, in this District
  and nationwide, and thus is fair, sensible, comprehensive,
  and thoughtful and warrants final approval.[9]

(See generally id. at 71:13-76:7); and

The Court therefore finding that Plaintiffs' unopposed

motion for final approval of the settlement in this matter

should be granted; and

Plaintiffs having also filed an unopposed motion [Doc. No.

106] for attorney's fees, cost reimbursement, and service awards

_____

of geographic areas, with the potential that multiple state laws
would apply to claims.  Moreover, Defendants have maintained
that their disclosures were adequate and this presents a risk
that different fact-finder may have reached a similar conclusion
depending on the applicable law.  Under these circumstances, it
is clear that there was a realistic risk that the litigation, if
it were to continue without settlement, would not result in a
recovery for Plaintiffs and the Class Members or that such
recovery would be protracted over time with multiple appeals.
The parties obviously anticipated the risks of continued
litigation and incorporated those risks in reaching the final
settlement.  (Id. at 75:1-76:2.)

[9]    As set forth on the record, the ability of Defendants to
withstand a greater judgment is a neutral factor which neither
weighs in favor, or against, a finding that the settlement is
fair and reasonable, particularly in light of the large size of
the settlement fund created and its apparent adequacy to address
the claims made in this matter.  (Id. at 74:20-25.)

to the Representative Plaintiffs; and

The Court noting that Plaintiffs are seeking attorney's fees in the amount of $3,026,100, litigation costs in the amount of $100,000, and services awards in the amount of $5,000 to each of the two Representative Plaintiffs; and

Rule 23(h) providing that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." FED. R. CIV. P. 23(h); and

The Third Circuit recognizing that "[c]ourts generally use one of two methods for assessing the reasonableness of attorneys' fees — a percentage-of-recovery method or a lodestar method. The former 'resembles a contingent fee in that it awards counsel a variable percentage of the amount recovered for the class.' The latter 'calculates fees by multiplying the number of hours expended by some hourly rate appropriate for the region and for the experience of the lawyer.' Whichever method is chosen, 'we have noted previously that "it is sensible for a court to use a second method of fee approval to cross check" its initial fee calculation.'" In re Baby Prods. Antitrust Litig., 708 F.3d 163, 176-77 (3d Cir. 2013) (citing In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768,

16

819 nn.37, 38 (3d Cir. 1995); and In re Prudential Ins. Co. of Am. Sales Practice Litig., 148 F.3d 283, 333 (3d Cir. 1998); and

The Court noting that a District Court abuses its discretion to award attorney's fees where the Court fails to apply the proper legal standards or the proper procedures and makes findings of fact that are clearly erroneous.  In re Cendant Corp. PRIDES Litig., 243 F.3d 722, 727 (3d Cir. 2001); and

The Court finding that the agreed upon attorneys' fees in the amount of $3,026,100 sought here are reasonable and warranted for the following reasons:

- Applying the percentage-of-recovery method to this common fund case, Class Counsel is seeking approximately twenty percent (20%) of the value of the aggregated class recoveries, including the Common Fund of $11,004,000, the agreed upon attorney's fees, cost, service awards to Class Representatives, and costs of administration of the Settlement;[10]
- This percentage award of 20% is less than or equal to the percentages typically awarded in common fund cases in this Circuit, as Plaintiffs' memorandum [Doc. No. 106-2] in support accurately demonstrates (see Pls.' Mem. In Supp. [Doc. No. 106-2] 28-30);
- The Gunter factors[11] support the agreed upon fees given that

---

[10]   The total aggregate monetary amount of these recoveries is in excess of $15 million.  (Pls.' Mem. In Supp. [Doc. No. 106-2] 18-19.)

[11]   In Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 195 n.1 (3d Cir. 2000), the Third Circuit explained that "[i]n common fund cases ... - in which the attorneys' fees and the clients' award come from the same source and the fees are based on a

the Common Fund set aside for payment of claims is in
excess of $11 million and the number of potential Class
Members who could benefit is approximately 1.6 to 1.8
million individuals in addition to the change in Hertz'
business practice and amendment of the form rental contract
at issue, there are virtually no objections to the proposed
settlement and the fee request and the only existing
objection is both factually and legally insufficient to
preclude this award, and the highly skilled and very
experienced attorneys in this matter have litigated this
case for over four years through discovery, dispositive
motions, and multiple rounds of settlement negotiations
conducted at arms-length including the separate negotiation
of attorney's fees only after agreement was reached on
relief to the Class

- a lodestar crosscheck similarly supports approval of the
  agreed upon fee which reflects a lodestar multiplier of
  1.95, particularly in light of the fact that the Third
  Circuit and District Courts within this Circuit routinely
  approve of lodestar multipliers ranging from 1 to 4; but

The Court having expressed concerns at the Final Approval

Hearing regarding the reasonableness of the agreed upon amount

of attorney's fees sought here when compared to the amount of

totally recovery actually realized by Class Members through the

---

percentage amount of the clients' settlement award - district
courts should consider" the following factors in awarding a fee:
     (1) the size of the fund created and the number of
     persons benefitted; (2) the presence or absence of
     substantial objections by members of the class to
     the settlement terms and/or fees requested by
     counsel; (3) the skill and efficiency of the
     attorneys involved; (4) the complexity and
     duration of the litigation; (5) the risk of
     nonpayment; (6) the amount of time devoted to the
     case by plaintiffs' counsel; and (7) the awards in
     similar cases.

claims process, (see Id. at 76:20-77:24); and

The Court having ordered supplemental briefing on this issue, which the parties subsequently submitted to the Court [Doc. Nos. 123, 124]; and

The Court having reviewed and considered the parties' supplemental submissions and noting that Defendants do not oppose Plaintiffs' motion for agreed upon attorneys' fees, costs, and service awards [Doc. No. 124]; and

The Court finding, based on Plaintiffs' supplemental briefing, that the law supports an award of reasonable attorney's fees to Class Counsel based on the gross settlement – the monies potentially available to be claimed - without regard to the amount actually claimed by Class Members, see, e.g., Boeing Co. v. Van Gemert, 444 U.S. 472, (1980); In re Baby Prods. Antitrust Litig., 708 F.3d 163, 177 (3d Cir. 2013); and

The Court being satisfied that agreed upon fee in this case is reasonable shall award the amount of $3,026,100 to Class Counsel; and

The Court further finding that an award of costs in the amount of $100,000 is also reasonable and warranted in this case; and

The Court further finding that the Representative

19

Plaintiffs are each entitled to a service award in the agreed upon amount of $5,000.

Accordingly,

IT IS on this ___25th___ day of ___June___, 2014, hereby

**ORDERED** that Plaintiffs' motion for final approval of this Class Action Settlement shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that Plaintiffs' motion [Doc. No. 106] for attorney's fees, cost reimbursement and service awards shall be, and hereby is **GRANTED**; and it is further

**ORDERED** that the Court shall separately issue a Final Approval Order and Judgment in this matter of even date.


                                    ___s/ Noel L. Hillman___
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.


20