**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

SUSAN DOHERTY and DWIGHT
SIMONSON, individually and on
behalf of all others
similarly situated,

        Plaintiff,

   v.

THE HERTZ CORPORATION, et
al.,

        Defendants.

Civil No. 10-359 (NLH/KMW)

**FINAL APPROVAL ORDER AND
JUDGMENT**

---

**HILLMAN, District Judge**

    For the reasons set forth more fully in the Court's
Memorandum Opinion and Order of even date,

    IT IS on this  25th  day of ____June____ , 2014, hereby
**ORDERED** as follows:

    1.   **Definitions**

    Unless otherwise provided herein, the Court adopts and
incorporates the definitions of all capitalized terms in the
Settlement Agreement and those defined terms shall have the same
meaning in this Order.

    2.   **Approval of the Class**

    This Court finally certifies the following Class pursuant
to FED. R. CIV. P. 23(a) and (b)(3):

> **All natural persons in the United States who: (a)
> rented a car from Hertz with the first day of the
> rental between July 1, 2006 and March 31, 2010; (b)
> used PlatePass during that rental; and (c) paid
> PlatePass-Related charges incurred during that rental,
> but not including those who timely filed a Request
> for  Exclusion, governmental entities, Defendants,
> their parents,  subsidiaries, affiliates, directors,
> officers, attorneys, and members of their immediate
> families and the Court and persons within the third
> degree of relationship to the Court.**

The Court finds that the Class meets all the applicable
requirements of Rule 23 of the Federal Rules of Civil Procedure,
affirms certification of the Class, and approves the Settlement
Agreement as being fair, just, reasonable, and adequate.
Specifically, the Court finds and concludes:

a.   The Class is so numerous that joinder of all
     members is impracticable, satisfying the
     requirement of Rule 23(a)(1);

b.   There are questions of law or fact common to the
     Class, satisfying the requirements of Rule
     23(a)(2) and Rule 23(c)(1)(B);

c.   The claims of Plaintiffs are typical of the
     claims of the Class, satisfying the requirements
     of Rule 23(a)(3);

d.   Plaintiffs will fairly and adequately protect the
     interests of the Class, and Plaintiffs are
     represented by counsel who are experienced and
     competent in the prosecution of complex class
     action litigation, satisfying the requirements of
     Rule 23(a)(4);

e.   Questions of law or fact common to the members of
     the Class predominate over questions affecting
     only individual members, and a class action is
     superior to other methods available for the fair
     and efficient adjudication of the controversy,
     satisfying the requirements of Rule 23(b)(3); and

f.   The action is manageable as a class action.

### 3.   **Approval of Settlement Agreement**

The Court finds, upon review of the Settlement Agreement
and consideration of the factors enunciated in Girsh v. Jepson,
521 F.2d 153, 157 (3d Cir. 1975), In re Baby Products Antitrust
Litigation, 708 F.3d 163 (3d Cir. 2013), and In re Prudential
Insurance Co. of America Sales Practices Litigation, 148 F.3d
283 (3d Cir. 1998), that the Settlement Agreement and the
proposed benefits to the Class, including the direct refund
benefits from the Common Fund, are fair, reasonable and
adequate.   Accordingly, the terms of the Settlement Agreement,
including all exhibits thereto, are approved in their entirety
by the Court and incorporated into this Order as if expressly
set forth and shall have the same force and effect of an Order
of the Court.   The Parties and their counsel are ordered to
implement and to consummate the Settlement Agreement according
to its terms and provisions.   The releases set forth in the
Settlement Agreement are incorporated by reference.   The Court
reaffirms that the Claim Form is approved.

### 4.   **Approval of Class Benefits**

The Common Fund and direct benefits available to Class
Members from that fund, as described in the Settlement
Agreement, are approved as fair, reasonable, and adequate to the

Class, and the Settlement Administrator is directed to continue to administer the Settlement Agreement according to the terms of the Settlement Agreement.  Further, to the extent permitted by law, the Common Fund established pursuant to the Settlement Agreement may be treated as a qualified fund pursuant to applicable Treasury Regulations.

5.  **Adequacy of Notices**

The Court finds that due and adequate notice was provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Class, notifying the Class of, *inter alia*, the pendency of this action and the proposed Settlement Agreement.  The notice program set forth in the Settlement Agreement and provided to the Class was the best notice practicable under the circumstances and included individual notice by first class mail to all members of the Class who could be identified through reasonable effort, as well as publication of the Publication Notice twice in a national newspaper (USA Today), a press release released on a national newswire service, as well as postings of the notices on Class Counsel's website and copies of pertinent notices and forms and other information on the Settlement Administrator's website established for this case, www.HertzPlatePassSettlement.com.  The notice program as

4

carried out pursuant to the terms of the Settlement Agreement fully complied in all respects with the requirements of Rule 23 and Constitutional requirements of due process.

**6.    CAFA Public Official Notification**

Defendants have provided notification to all appropriate federal and state officials regarding the Settlement Agreement as required by the Class Action Fairness Act, 28 U.S.C. § 1715.

**7.    Opt-Out Settlement Class Members**

Attached hereto and incorporated herein as Exhibit A is a schedule of all Class Members who have timely and validly requested to be excluded from the Class and accordingly are not included in or bound by this Final Approval Order and Judgment. The Class Members who have filed a Request for Exclusion are not entitled to receive any direct benefits, including the cash refund from the Common Fund, as described in the Settlement Agreement.

**8.    Objections**

The Court finds that the response of Class Members supports final approval of the Settlement Agreement and that the contentions of the single remaining objector timely filing an objection is without merit and is overruled.

**9.**   **Approval of Class Representatives**

Based upon the Court's familiarity with the claims and
parties, the Court finds that Plaintiffs adequately have
represented and represent the interests of the Class as Class
Counsel, and the Court hereby confirms their appointment as
Class Representatives.

**10.**   **Approval of Class Counsel**

The Court finds that Class Counsel namely, Cohen,
Placitella & Roth, P.C., Farmer, Jaffe, Weissing, Edwards,
Fistos & Lehrman, P.L., and Emanuel & Dunn, PLLC have fairly and
adequately represented and represent the interests of Plaintiffs
and the Class and hereby confirms them as Class Counsel pursuant
to Fed. R. Civ. P. 23(g).

**11.**   **Binding**

The terms of Final Approval Order and Judgment and the
Settlement Agreement are binding on the Plaintiffs/Class
Representatives and all members of the Class who have not timely
and validly opted-out and shall have *res judicata*, collateral
estoppel, and all other preclusive effect on any and all claims
for relief, causes of action, suits, petitions, demands in law
or equity, or any allegations of liability, damage, debts,
contracts, agreements, obligations, promises, attorneys' fees,

costs, interests, or expenses which are based on or in any way
related to any and all claims for relief, causes of actions,
suits, petitions, demands in law or equity, or any allegations
of liability, damages, debts, contracts, agreements,
obligations, promises, attorneys' fees, costs, interests, or
expenses which were or could have been asserted in the Action or
any other claims under state or federal law, which arise from,
are based on, or in any way are related to the PlatePass service
and product that is the subject of this Action.

**12.  Dismissal With Prejudice**

The Consolidated Action, including any and all claims
against Defendants, are dismissed on the merits and with
prejudice.

**13.  Release of Dismissed Claims**

The Release set forth in Article 6 of the Settlement
Agreement is incorporated by reference and provides, *inter alia*,
that for and in consideration of the benefits and mutual
promises contained in the Settlement Agreement, the Class-
Related Releasing Parties release the Class-Related Released
Parties of all Class Released Claims which means all claims
(including without limitation, claims for attorneys' fees and
costs), causes of action, actions, or suits, by or on behalf of

any Class Member, whether arising by statute, law or in equity, under the law of any jurisdiction, which were or could have been asserted in the Action, whether liquidated or unliquidated, known or unknown, in law, equity, arbitration, or otherwise, whether or not concealed or hidden, that in any way relate to, in whole or in part, or arise out of, any of the allegations, defenses, claims, motions and/or theories raised in or that could have been raised in the Action relating to PlatePass-Related Charges, but, without limiting the generality of the foregoing, Class Released Claims shall not be construed to release, bar, or extinguish any claims, rights, or actions that any Class-Related Releasing Party may have against PlatePass LLC, ATS, and/or Avis Budget Group that do not involve or relate to Hertz rental transactions or PlatePass-Related Charges incurred during Hertz rental transactions, including the Soper/Avis-Budget Claims (the latter of which is defined in Article 1.29 of the Settlement Agreement).

## 14.  **Bar Order**

Upon the Effective Date, Plaintiffs, Class Members and all other Class-Related Releasing Parties, except for those who have timely excluded themselves from the Class (as identified on Exhibit A hereto), are forever barred and enjoined from

commencing, instituting or continuing to prosecute any action or
any proceeding in any court of law or equity, arbitration
tribunal, administrative forum, or other forum of any kind
(whether within the United States or not) asserting any of the
Class Released Claims (including unknown claims) against any of
the Class-Related Released Parties.  Without limiting the
generality of the foregoing, Class Released Claims, however,
shall not be construed to release, bar, or extinguish any
claims, rights, or actions that any Class-Related Releasing
Party may have against PlatePass LLC, ATS, and/or Avis Budget
Group that do not involve or relate to Hertz rental transactions
or PlatePass- Related Charges incurred during Hertz rental
transactions, including the Soper/Avis-Budget Claims (as defined
in Article 1.29 of the Settlement Agreement).

**15.  Class Counsel's Award**

Upon review of the Settlement Agreement, Class Counsel's
request for an award of Aggregate Fees and Costs, and
consideration of the factors enunciated in Gunter v. Ridgewood
Energy Corp., 223 F.3d 190, 195 n.1 (3d Cir. 2000) and In re
Prudential Ins. Co. Am. Sales Prac. Litig., 148 F.3d 283, 338-39
(3d Cir. 1998), the Court finds that the percentage of fee
requested is reasonable and the award of attorneys' fees in this

class action settlement is appropriate and Class Counsel's motion will be granted. Class Counsel is hereby awarded reasonable fees in the amount of $3,026,100.00 and costs in the amount of $100,000. These amounts shall be paid and distributed in accordance with the Settlement Agreement.

**16. Class Representatives' Service Award**

Each Class Representative is hereby awarded a service award in the amount of $5,000.00. These service awards shall be paid and distributed in accordance with the Settlement Agreement.

**17. Retention of Ancillary Jurisdiction**

Without affecting the finality of this Final Approval Order and Judgment, the Court shall for a period of twelve (12) months from the date that this order becomes Final as provided in the Settlement Agreement retain continuing and exclusive ancillary jurisdiction over this Action, the Parties and the Class for purposes of implementing, effectuating the administration and enforcing the Settlement Agreement. Any disputes or controversies arising with respect to the administration, enforcement or implementation of the Settlement Agreement shall be presented during this time by motion to this Court. Prior to the expiration of this retained ancillary jurisdiction, the Parties may for good cause apply to Court for an extension of

the Court's retained ancillary jurisdiction.

18. In the event the Settlement Agreement does not become effective according to the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be rendered void as provided by the Settlement Agreement, shall be vacated and all orders entered and released in connection herewith shall be void to the extent provided by and in accordance with the Settlement Agreement.

**19. No Admission**

Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of, or an admission or concession by Defendants as to, the validity of any claim that has been or could have been asserted against any or all of them or as to any liability of any or all of them as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the Settlement Agreement.

20. There being no just reason for delay, the Clerk of

Court is ordered to immediately enter this Final Approval Order and Judgment forthwith, and is directed to mark this matter as **CLOSED**.


At Camden, New Jersey

                    s/ Noel L. Hillman
                NOEL L. HILLMAN, U.S.D.J.

Exhibit A

HERTZ PLATEPASS SETTLEMENT
OPT-OUT LIST

| OPT OUT NUMBER | NAME | ADDRESS | CITY | STATE/COUNTRY | ZIP |
|---|---|---|---|---|---|
| 01 | RICHARD VON MERING | 23 VINEGAR HILL ROAD | PINE BUSH | NY | 12566 |
| 02 | BARBARA G. GUTHIER | 15510 W. AMELIA DRIVE | GOODYEAR | AZ | 85395 |
| 03 | WILLIAM WARE | 3012 S. ONG STREET | AMARILLO | TX | 79109 |
| 04 | HELEN E. WITT | 10560 S. LONGWOOD DRIVE | CHICAGO | IL | 60643 |
| 05 | TOM WILLIAMS | 13821 LONG STREET | OVERLAND PARK | KS | 66221 |
| 06 | STUART H. PASTER | 9944 OLD WAGON TRAIL | EDEN PRAIRIE | MN | 55347 |
| 07 | RONALD D. TREMAYNE | 3035 SABO LANE | WEST LINN | OR | 97068 |
| 08 | KEITH THORELL | 3525 GIDDINGS RAND ROAD | ALTADENA | CA | 91001 |
| 09 | ERIC PACYNIAK | 5513 E. CELEBRITY CIRCLE | HANOVER PARK | IL | 60133 |
| 10 | VLASIA HANTAKAS | 7205 FAIRFIELD DRIVE | SANTA ROSE | CA | 85409 |
| 11 | MANOHAR SAMA | 8875 PAPILLON DRIVE | ELLICOTT CITY | MD | 21043 |
| 12 | JOHN CARLIN | 404 SWEET APPLE CIRCLE | ALPHARETTA | GA | 30004 |
| 13 | MARK TIPPERREITER | 9070 SW 82ND AVENUE | PORTLAND | OR | 97223 |
| 14 | ANNE C. VINCENT | 799 WILMOT ROAD | SCARSDALE | NY | 10583 |
| 15 | DANA KADEAN-NEHAMA | 13688 LEXINGTON COURT | SARATOGA | CA | 95070 |
| 16 | ANITA JANSEN | 2901 GABRIEL VIEW DRIVE | GEORGETOWN | TX | 78628 |
| 17 | RALPH WHELAN | 23 ELM PARK ROAD | PINNER | UNITED KINGDOM | HA53L3 |
| 18 | RAY MELCHER | 7020 PINEHURST DRIVE | PRESTO | PA | 15142 |
| 19 | SAM GAGLIO | 12101 N MAC ARTHUR BLVD SUITE 146 | OKLAHOMA CITY | OK | 73162 |
| 20 | SYLVIA COLLINS | ROBIN POST HOUSE- ROBIN POST LANE | HAILSHAM | UNITED KINGDOM | BN27 3RA |
| 21 | ALEJANDRO DESMAISON | MONTE CARLO 230 DEPT 401 | LIMA | PERU | |
| 22 | VALENTIN KUZENETSOR | 384 CODDINGTON ROAD | ITHECA | NY | 14850 |
| 23 | YOSHINORI SAKAUE | 1-21-6 MACHINDA-SHI | TOKYO | JAPAN | 195-0055 |
| 24 | ERIN KELLY | 17/6 PRIMROSE STREET, BOWEN HILLS | QUEENSLAND | AUSTRALIA | 4006 |
| 25 | SYLVAIN JACQUES | 2590 AV MALO | BROSSARD | CANADA | J4Y182 |
| 26 | ALAN CORDOVA | 2828 GREENBRIAR STREET APT 3304 | HOUSTON | TX | 77098 |
| 27 | SHGEHISA OKAYAMA | 1441-4 HOMMACHIDA, MACHIDA | TOKYO | JAPAN | 194-0032 |
| 28 | R. JOSEPH BARTON | 1276 N. WAYNE STREET #811 | ARLINGTON | VA | 22201 |
| 29 | CEZARY GADOMSKI | UL. BRUZDOWA 105 D | WARSZAWA | POLAND | 02-991 |
| 30 | KELLY A. THOMAS | 793 LAFAYETTE AVENUE #4 | HAWTHORNE | NJ | 07506 |
| 31 | ALBERT GOLDSTEIN | 61 AVE DE MATEGNIN, 1217 MEYRIN, GE | | SWITZERLAND | |
| 32 | NATHAN HALL | 38 WOODLAND ROAD | CAPE ELIZABETH | ME | 04107 |
| 33 | ARTHUR E. FOREMAN | 181-13888 70 AVE. | SURREY | CANADA | V3W OR8 |
| 34 | MARCELA ACCINI | URB LAS CASCADAS VIA SAMBORON | GUAYAQUIL | ECUADOR | |
| 35 | ANDREW FORMENTINI | 5406 SKILLMAN AVENUE APT# 4D | QUEENS | NY | 11377 |
| 36 | JULIENNE GALLARDO | MONTE CAUCASO 915-304, LOMAS DE CHAPULTEPEC | MEXICO | DF | 11000 |
| 37 | BETTE K. STEVENS | 17538 MANDARIN CIRCLE | WINTER GARDEN | FL | 34787 |
| 38 | JULIENNE GALLARDO | MONTE CAUCASO 915-304, LOMAS DE CHAPULTEPEC | MEXICO | DF | 11000 |
| 39 | GIUSEPPE AIMO | ALBISOLA SUPERIORE, VIA ALTO | | ITALY | 88888 |
| 40 | ENRICO DE FELICI | VIA FONTANA DEI DRAGHI 1, 00040 MONTE PORZIO CATONE | ROMA | ITALY | |
| 41 | MK MARGAVICH | PO BOX 853 | OAKS | PA | 19456 |
| 42 | RICHARD HALLIFAX | STENMURSGATAN 9D, 52338 ULRICEHAMN | | SWEDEN | |
| 43 | ELIZABETH J. GRIFFITH | 1349 N ASTOR STREET | CHICAGO | IL | 60610 |
| 44 | FREDERICK PHILIPS | 2 LEYDEN PARK, CLOVENFORDS, GLASHIELS | SELKIRKSHIRE | SCOTLAND | |
| 45 | CARLO QUINTO DEGANO | 148 BUDELLUNGO ST | PARMA | ITALY | 60610 |
| 46 | JOSE EDUARDO OSORIO | RUA VISCONDE DE ITAUNA, 261, JARDIM BOTANICO | RIO DE JANEIRO | BRASIL | 22460-140 |
| 47 | RALPH HINDLE | 63 GRAY WAY | CALGARY, ALBERTA | CANADA | T3R 1K7 |
| 48 | FERNANDO RODRIGUEZ | CLL 151 5537 | BOGOTA | COLUMBIA | |
| 49 | DANIELLE DURANTE | 136 PROCTOR WAY | REVERE | MA | 02151 |
| 50 | MANFRED FRISCH | VON-REHLINGENSTRASSE 271 | NEUAESS | GERMANY | 86356 |
| 51 | DIETER PETERS | LINDENWEG 19 D-18230 BASTORF | MECKLENBURG | GERMANY | |